```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF OREGON

                         PORTLAND DIVISION


DIANA KRIEG,                          )
                                      )
              Plaintiff,              )   No. 03:10-cv-00950-HU
                                      )
vs.                                   )
                                      )
MICHAEL J. ASTRUE,                    )   FINDINGS AND RECOMMENDATION
Commissioner of Social Security,      )   ON MOTION FOR 406(B) FEES
                                      )
              Defendant.              )

              _____
```

Tim D. Wilborn
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045

    Attorney for Plaintiff


S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

David Morado
Regional Chief Counsel
Seattle, Region X
Benjamin J. Groebner
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant


1 - FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge:

The plaintiff Diana Krieg brought this action for judicial review of the Commissioner's decision to deny her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental Security Income under Title XVI of the Act. In Findings and Recommendation entered October 31, 2011, I recommended that the Commissioner's decision be reversed and the case be remanded for payment of benefits. Dkt. #16. Neither party filed objections, and on January 4, 2012, Judge Michael H. Simon accepted my recommendation and entered judgment for Krieg. Dkt. ##19 & 20.

The parties stipulated to a fee payment under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $4,558.78. On April 4, 2012, I recommended Krieg's motion for EAJA fees be granted, Dkt. #25, and on May 7, 2012, Judge Simon ordered payment to the plaintiff of EAJA fees in the amount of $4,558.78. Dkt. #30.

The matter now is before the court on the plaintiff's unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). Dkt. #27. Section 406(b) provides that an attorney who represents a successful claimant in a Social Security action may be awarded, as part of the judgment, "'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)). The attorney's fee "is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Id.* An attorney may receive fees under both EAJA and section 406(b), but

2 - FINDINGS & RECOMMENDATION

the attorney must refund the amount of the smaller fee to the claimant. *Id.* (citation omitted). This ensures the claimant receives the largest possible award of benefits. *Id.*

The *Gisbrecht* Court observed that contingent fee contracts "are the most common fee arrangement between attorneys and Social Security claimants." *Id.*, 535 U.S. at 800, 122 S. Ct. at 1824 (citation omitted). To prevent an attorney from contracting for an unreasonably large fee, Congress enacted section 406(b) to limit the attorney's fee to 25 percent of the past-due benefits. *Id.*, 535 U.S. at 805, 122 S. Ct. at 1826-27 (discussing the legislative history behind section 406(b)). However, the statute does not mandate that an attorney receive 25 percent of the claimant's past-due benefits. Rather, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, 535 U.S. at 807, 122 S. Ct. at 1828. Thus, although the district court must look first to the contingent fee agreement between the attorney and the claimant, the court then must test the fee arrangement for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828).

The amount of the fee may be reduced "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828 (citations omitted). Thus, for example, a reduced fee would be in order "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting

3 - FINDINGS & RECOMMENDATION

*Gisbrecht*, *supra*). The attorney ultimately "bears the burden of establishing that the fee sought is reasonable." *Id.*

Routine rubber-stamping of the statutory maximum allowable fee is disfavored in these cases. As the Fourth Circuit Court of Appeals observed over forty years ago,

> [J[udges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his [or her] dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the [Social Security] Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

*Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966)

In the present case, the fee agreement between the plaintiff and her counsel provides for a fee equal to 25 percent of past-due benefits. *See* Dkt. #28-2. Counsels' efforts resulted in an award of "at least $56,873.00 in retroactive benefits, plus ongoing benefits and medical insurance coverage." Dkt. #28, pp. 7-8. Thus, the contracted-for attorney's fee would be $14,218.25 - the amount sought in the present motion. After deduction/refund of the $4,558.78 fee awarded under EAJA, the requested fee would result in an out-of-pocket amount for Krieg of $9,659.47. The court previously determined that the number of hours expended by Krieg's counsel in the case (25.35 hours) was a "reasonable amount of time to spend on a social security case that does not present particular

4 - FINDINGS & RECOMMENDATION

difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (Mosman, J.). A fee of $14,218.25 for 25.35 hours of work would result in an effective hourly rate of $560.88. Counsel states that although he "does not have a set hourly rate for representing disability claimants in court," which "would be illegal," he charges $375.00 per hour to serve "as a consultant in SSD/SSI disability matters." Dkt. #28, p. 4 n.3. Thus, the *de facto* fee requested in this case is $185.88 per hour higher than counsel's usual hourly rate in these types of cases.

The court recognizes that the *de facto* hourly rates in Social Security cases typically exceed the rates in non-contingency-fee cases. *See, e.g., Daniel v. Astrue*, 2009 WL 1941632, at *2 (C.D. Cal. July 2, 2009) (citing cases from numerous jurisdictions approving fee awards equivalent to hourly rates ranging from $350 per hour to $982 per hour). Indeed, the effective rate requested in this case is significantly lower than the effective hourly rates approved for services provided by Krieg's counsel in other similar cases in this court. *See, e.g.*, *Breedlove v. Astrue*, No. 03:07-cv-01743-AC (D. Or. June 24, 2011) (Brown, J.) (awarding $24,587.50, equivalent to $1,041.84 per hour, in case involving stipulated remand following plaintiff's 20-page brief); *Lynch v. Commissioner, Soc. Sec. Admin.*, No. 03:09-cv-00871-JE (D. Or. May 31, 2011) (Jelderks, M.J.) (awarding $32,913.25, equivalent to $937.70 per hour, in case involving findings and recommendation, with objections thereto); *Robertson v. Commission of Soc. Sec.*, No. 03:07-cv-1428-HO (D. Or. June 22, 2010) (Hogan, J.) (awarding 28,294.13, equivalent to $702.96 per hour, in case involving ordinary briefing); *Harris v. Commissioner, Soc. Sec. Admin.* No. 03:06-cv-

5 - FINDINGS & RECOMMENDATION

1256 (D. Or. July 15, 2009) (Marsh, J.) (awarding 35,824.22, equivalent to $768.76 per hour, in case involving ordinary briefing). *See also, e.g.*, (cases involving other attorneys) *Carver v. Astrue*, No. 03:08-cv-6099-MO (D. Or. Oct. 6, 2010) (Mosman, J.) (awarding $19,438.61, equivalent to $910.82 per hour, in case involving ordinary briefing); *Wright v. Commissioner, Soc. Sec.*, No. 03:07-cv-00047-ST (D. Or. Oct. 7, 2008) (Brown, J.) (awarding 25,368.24, equivalent to $800.26 per hour, in case involving unopposed findings and recommendation).

However, the court previously has rejected the approach of comparing fees awarded in other cases because the approach bears "no relationship to the amount of work reasonably necessary to achieve the result, nor to the *Crawford* analysis." *Baugh v. Astrue*, No. 03:08-cv-1237-HU, Dkt. #28, p. 18 (D. Or. Sept. 12, 2011) (Hubel, M.J.).

Applying the *Gisbrecht* factors to the requested fee in this case, the performance of Krieg's counsel in this case was not substandard, nor did counsel "engage[] in dilatory conduct in order to increase the accrued amount of past-due benefits[.]" *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*). Counsel was effective in winning benefits for Krieg. To do so, he was required to review the 321-page administrative record, brief and argue the legal issues in favor of overturning the Commissioner's decision, and respond to the Commissioner's argument that his decision should be upheld. However, the Commissioner did not object to my findings and recommendation that the case should be remanded for further consideration, so counsel did not have to respond to any objections. Further, the issues presented in the case were not

6 - FINDINGS & RECOMMENDATION

particularly difficult or technical, and counsel acknowledges that "this case was about an average risk case." Dkt. #28, p. 3. Nevertheless, counsel argues this case involved "a high risk of loss and non-payment," noting even cases that proceed without any delay take two years or more from the time counsel accepts the case until payment of fees under section 406(b) finally takes place. *Id.*, p. 3. & n.2 (emphasis added). In the present case, counsel asserts that he performed most of the work in the case "months ago," arguing the "significant delay in payment warrants an <u>increase</u> in what otherwise would be a reasonable fee." *Id.*, p. 9 (emphasis in original). Counsel argues no reduction should be made in the requested fee in recognition of the fact that "'attorneys whose compensation depends on their winning the case, must make up in compensation in the cases they win for the lack of compensation in the cases they lose.'" *Id.*, p. 7 (quoting *In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300-01 (9th Cir. 1994), in turn citing *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 254 (7th Cir. 1988)). However, counsel's burden "is to show that the fee is reasonable based on the facts of the particular case," rather than looking at the risk of recovery in all contingency fee cases generally, or even all Social Security cases. *See Crawford*, 586 F.3d at 1153.

    The court has an "affirmative duty" to assure the reasonableness of fee awards under section 406(b). *Crawford*, 586 F.3d at 1149. I have considered the *Gisbrecht* factors carefully, and find counsel has failed to meet his burden to show the fee is reasonable based on the facts of this case. *See Crawford*, 586 F.3d at 1153. Based on the above discussion, and my experience in these types of

7 - FINDINGS & RECOMMENDATION

cases in general, and this case in particular, I find that a 20% reduction in the fee is warranted. Accordingly, I recommend the plaintiff's motion be **granted in part and denied in part**, and her counsel be awarded **$11,375.00** in fees under section 406(b), an award of $448.72 per hour, less the $4,558.78 already awarded under EAJA. This award still exceeds counsel's usual Social Security consultation fee.

### *Scheduling Order*

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due **June 18, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due by **July 5, 2012.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 30th day of May, 2012.

/s/ Dennis James Hubel
Dennis James Hubel
Unites States Magistrate Judge

8 - FINDINGS & RECOMMENDATION