**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**DIANA KRIEG,**

Plaintiff,

v.

**MICHAEL J. ASTRUE,**
Commission of Social Security,

Defendant.

No. 3:10-cv-00950-HU

**OPINION AND ORDER**

**SIMON, District Judge.**

Plaintiff has moved for attorneys' fees pursuant to 42 U.S.C. § 406(b). Dkt. #27. The matter is before me pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B), and Rule 72(b) of the Federal Rules of Civil Procedure. Under the Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). *De novo* review means that the court "considers the

matter anew, as if no decision had been rendered." *Dawson*, 561 F.3d at 933. Given the Plaintiff's timely objections, I have reviewed Plaintiff's motion *de novo*.

When a claimant for Social Security disability insurance benefits obtains a favorable judgment in federal court, as Plaintiff has done here, § 406(b) provides that "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The amount awarded is reduced by the amount of attorneys' fees already awarded under the Equal Access to Justice Act (EAJA). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Unlike EAJA, however, § 406(b) is not a fee-shifting statute; rather, it authorizes fees payable between a client and his or her attorney. *Id.* at 802. The Supreme Court and the Ninth Circuit sitting *en banc* have emphasized this distinction in rejecting the use of "lodestar" calculations in § 406(b) fee determinations. Such lodestar calculations, in which a reasonable hourly rate is multiplied by the number of hours reasonably worked, can help ensure fairness when attorneys' fees are shifted from the winning party to the losing party, but they are not an appropriate starting point for evaluating the reasonableness of a fee arrangement between a claimant and her attorney. *See id.* at 801-02; *Crawford v. Astrue*, 586 F.3d 1142, 1148-49 & n.7 (9th Cir. 2009) (en banc).

Instead, the court must start with the amount agreed upon by the claimant and her attorney, evaluating only whether that amount should be reduced for one of three reasons: (1) because "the attorney provided substandard representation," (2) because "the attorney … engaged in dilatory conduct in order to increase the accrued amount of past-due benefits," or (3)

because "the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Here, there is no indication that Plaintiff's counsel was either ineffective or dilatory. As for the third factor, the court notes that the ratio of the number of hours worked by Plaintiff's counsel and the amount of fees requested—$14,218.25 for 23.5 hours of work—is comparable to the ratios found to be reasonable by the Ninth Circuit in *Crawford*. *See id.* at 1145-46.[1] Under the factors enunciated in *Crawford*, there are no grounds for reducing the otherwise legal contingent fee arrangement between Plaintiff and her counsel.[2]

The Plaintiff's Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), Dkt. #27, is therefore **GRANTED**. The Plaintiff's attorney is awarded **$14,218.25**, less the amount of EAJA fees previously awarded by this court, *see* Dkt. 30, for a total of **$9,659.47**.

Dated this 3rd day of July, 2012.

_/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[1] In the three consolidated cases in *Crawford*, the attorneys sought and received $21,000 for 24 hours of work; $11,500 for 22.15 hours of work; and $24,000 for 29.5 hours of work. *Crawford*, 586 F.3d at 1145-46.

[2] The court also notes that the Commissioner, who plays a trustee-like role on behalf of claimants in fee determinations, *Gisbrecht*, 535 U.S. at 798 n.6, has likewise found no basis to object to the fees requested by Plaintiff's counsel under § 406(b). *See* Dkt. #34.